Leonard, J.
This application is made by a majority in interest of the bondholders under the first mortgage, covering a portion only of the railroad.
Mr. Knapp is also trustee under the second mortgage upon the same portion of the railroad, upon which there is no other mortgage lien.
The only complaint against him as trustee is, that he declines to employ counsel for the foreclosure of the first mortgage, selected by a majority in interest of the bondholders under that mortgage, and also declines to elect to act as trustee only under one of the said mortgages, and to resign his trusteeship under the other.
There is clearly nothing affecting his character for integrity embraced in these charges. And it is by no means clear that he is not acting with sound judgment in declining to act separately in foreclosing either of the said mortgages in which he is named as the trustee, upon the default which has occurred. The question as to whether the road shall be sold under foreclosure in parcels, according to the portion included in the first mortgage, may be, and probably is, one of nice discretion, to be judicially determined by the court, after evidence has been taken showing how such a sale may affect the interests of the bondholders under both mortgages, and also the stockholders of the railroad corporation.
If the property mortgaged will clearly bring more than sufficient to satisfy both mortgages, by selling the road in one parcel as a whole, while it might prove insufficient to satisfy the one or the other of. the mort *337 gages, if sold in separate portions, a case would arise where the court would be justified in considering the rights of the stockholders, on a foreclosure sale, and the subject should be decided upon equitable discretion.
There are other aspects also in which the question might be presented for the exercise of equitable power as to the order or manner of the sale. Clearly the rights of the bondholders secured by the first mortgage, are to be protected, so as to secure, if possible, the full amount due ; and the sale of the portion mortgaged thereby in a separate parcel would be justly required, if a large deficiency would arise by a sale of the whole road in one parcel. I am inclined to the opinion that Mr. Knapp has not acted unwisely, nor against the interests of either of the two classes of bondholders by prosecuting both mortgages to a decree of foreclosure in one action, and without giving any preference to the? one or the other.
The subject of the order of the sale of the property mortgaged will be for the court to decide in view of all the facts to be presented at the trial, on that question, and as may be consistent with the rights of the two classes of bondholders.
I do not consider the right of removal absolute upon the application of a majority of the bondholders. The removal is not to be capriciously made, nor without sufficient grounds.
The motion is denied, but without costs.